IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00929-BNB

JAMES JOSEPH OWENS-EL,

   Applicant,

v.

WARDEN WILEY, ADX Florence, Colorado,

   Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 9 2007

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, James Joseph Owens-El, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Owens-El has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Owens-El is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Owens-El will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that it is deficient because Mr. Owens-El fails to set forth clearly and concisely the claim or claims he is asserting. Mr. Owens-El cites various court decisions, including a decision of the United States Court of Appeals for the Tenth Circuit, in which certain BOP

regulations prohibiting the transfer of an inmate to a community corrections center prior to the last ten percent of his or her sentence were invalidated. *See, e.g., Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007). However, it is not clear that Mr. Owens-El is asserting any claim or claims regarding a transfer to a community corrections center because the relief he requests is a transfer to the Federal Correctional Institution at Butner, North Carolina (FCI-Butner). It is not clear why Mr. Owens-El believes that he is entitled to be transferred to FCI-Butner or why he believes that his constitutional rights have been violated because he has not been transferred to that facility.

Therefore, Mr. Owens-El will be ordered to file an amended application. In order to pursue his claims in this action, Mr. Owens-El must allege for each asserted claim, clearly and concisely, which of his constitutional rights have been violated and how that right has been violated. Mr. Owens-El also must clarify in the amended application how he has exhausted administrative remedies for each claim that he raises. Accordingly, it is

ORDERED that Mr. Owens-El file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Owens-El, together with a copy of this order, two copies of the following forms: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that, if Mr. Owens-El fails within the time allowed to file an amended application that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED May 9, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00929-BNB

James Joseph Owens-El
Reg. No. 00305-131
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 5/9/07

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk